**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGJUN TANG, | No. 15-73646 |
| Petitioner, | |
| v. | Agency No. A087-885-130 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Yongjun Tang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Tang's testimony and between Tang's testimony and documentary evidence as to his residence in the U.S., and the dates of his marriages and divorce, Tang's demeanor during the hearing, and the implausibility of Tang's claimed fear of calling his wife. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Tang's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Tang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Tang's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he would be tortured if returned to

15-73646

China.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**